J. F. SULZER & BRO. v. KENTUCKY FURNITURE CO., ET AL.

**Mortgage and Note—Petition—Subrogation.**

> On a petition on a note to foreclose a mortgage securing it a plaintiff is not entitled to a judgment subrogating him to the supposed rights of another.

**Corporation—Mortgage and Attachment.**

> Where an officer of a corporation to benefit himself procured a mortgage to be executed to defraud the creditors of the corporation, it will not be permitted to be used for such a purpose, and the burden is on the holder of such a mortgage so attacked to prove the consideration.

APPEAL FROM HANCOCK CIRCUIT COURT.

April 14, 1876.

OPINION BY JUDGE LINDSAY:

Appellants rely for recovery upon the notes sued on and the mortgage exhibited with their petition. They do not claim that they ought to be substituted to the supposed rights of Mrs. Seibert. They assert no other legal or equitable right to the property covered by their mortgage than such as is evidenced by and grows out of that conveyance and the notes just mentioned. It is true other considerations are presented and urged in argument; but they are not pertinent to the issues raised by the pleadings.

The attaching creditors of the furniture company, and the assignees of that corporation deny specifically that it is or was indebted to appellants in any amount whatever, and charge that the notes and mortgage were made, executed and acknowledged without their agency or knowledge, and that the entire transaction was the work of Seibert, one of the joint owners of the stock in and the property of the corporation, and that they were gotten up to secure him in certain indebtedness from the company, and with the fraudulent intent of cheating its general creditors; and they charge further that he is in point of fact the beneficial owner of the notes and mortgage.

The attachment liens were perfected by the levy of the various orders of attachment on the 13th day of September, 1873. The assignment to Bush & Murray was made on the 15th of the same month. If it be conceded that appellants advanced money to Seibert on the faith of the mortgage, still their lien is not superior to the attachment liens and the title of the assignees, unless the mortgage was delivered to them prior to the date or dates just stated. It is certain from the evidence of Seibert that the notes and mortgage had not been delivered to the appellants on the first

day of August, 1873, when the mortgage was acknowledged, and put to record. Seibert then paid the clerk his fees and withdrew the mortgage, and neither of the appellants, nor any one representing them, was then present. Seibert says he obtained the money on the notes and mortgage a few days after it was recorded.

These facts, all of which are proved by appellants' own witnesses, rebut the presumption of delivery and acceptance that would otherwise arise from the recording of the instrument. The date of the delivery and acceptance is, therefore, left an open question without any presumptions in favor of appellants. The onus is upon them to show that the delivery and acceptance took place prior to the levy of the attachments, and to the making of the assignment, in order to establish their superior lien.

This they utterly fail to do. Barshultz does not attempt to fix the date of the meeting between Seibert and one of the appellants at her house. Mason proves nothing whatever on this subject. Seibert admits upon cross-examination that he does not remember the day or even the month. His letter to Elgin & Co., of date of September 10, 1873, shows that he had not then received the money from appellant. He says in that letter that he had loaned the company some money, which he was very likely to lose; and that was the only reason he made the offer to them to accept 10 per cent. less than the amount of their bill, if they would send the money to him. If he used the money he pretends to have gotten from appellants in paying his wife the loaned money, and in paying the wages due to himself from the company, as he swears he did, he must have given it after the date of this letter, otherwise he would not then have been fearful of losing his said debts.

From the testimony in the case, the court below would have been compelled in any event to subordinate the lien of appellants to those of the appellee. But upon the issue arising on the averment that the entire transaction was a mere sham, and that the mortgage was a device resorted to by the parties to enable Seibert to defraud the creditors of the company, the judgment of dismissal is right. It is directly charged that the mortgage was fraudulent, that the company owed nothing whatever to appellants. The burden was upon the parties claiming under the mortgage to prove the consideration. This was a fact peculiarly within their knowledge. The recitals in the mortgage were not evidence against appellees. *Edwards v. Ballard*, 14 B. Mon. 289, and authorities cited.

Appellants attempt to make this proof by Barshultz and Seibert.

The first-named witness saw Sulzer and Seibert together, at an uncertain date, and knew that the latter pretended to pay the former money upon a paper called a mortgage. She does not prove that any money was actually paid; and the circumstances of the meeting and the conduct of the parties tend to throw suspicion upon the transaction.

Seibert does not prove the payment of the money. But his testimony develops three facts which seriously affect his credibility. The arrangement was intended for his benefit. Therefore he is an interested witness. For his own protection he was willing and anxious to defraud not only the creditors of the firm, but also his own partner. This is demonstrated by his proposition to Elgin & Co. Upon cross-examination he was an unwilling witness. He held back every fact that he regarded as advantageous to appellees, and affected not to recollect dates and circumstances that it is not likely he would have forgotten.

Appellants rest their case upon the testimony of one witness who knows nothing, and another whose credibility may well be questioned; and Sulzer, who may be assumed to be a man of intelligence, who necessarily knew all the facts, and who is a competent witness, declined, or at least failed to testify.

The conclusion is almost irresistible that the notes and mortgage were made and executed for the sole benefit of Seibert, and that appellants have merely permitted him to use their names, that they paid no money to him, and have no real interest in this litigation.

Wherefore the judgment dismissing their petition is *affirmed*.

*G. W. Williams, Isaac H. Trabue, Hord & Trabue, for appellants.*
*E. H. Brown, for appellees.*